that brings us to the third case set for argument make sure we get the right one did we so Continental Casualty Company versus Culver no so we'll do a Continental Casualty Company versus Culver case number 21 dash 1 6 9 4 8 and I guess you guys will be standing up in two different cases so good morning may it please the court my name is David to sell and I represent the defendant appellants my clients were the victims of tortuous mishandling of the bodies of their loved ones by after death they obtained judgments after a state court jury trial against an individual named Stephen Gore who was an insured of the appellees Continental Casualty Company where I mean the facts of these the underlying facts are pretty bad and I think the jury reflected that here of course as you know we're in we're here to talk about whether the insurance company needs to cover that absolutely and just as a starting point in the first action we're talking about a deck declaratory judgment action was filed by Continental Casualty even before the state court action began when my clients were a stranger to the policy and in a few minutes will be talking about the second declaratory judgment action which was then filed after the assignment of course right some year-and-a-half later after that and and that's what I'm here to address is actually to whether Continental has an obligation to cover Gore for the judgments in this case with my limited time I'd like to reserve three minutes of time for a bottle with my limited time I'd like to point to to address three points of error first it was error for the district court to apply collateral estoppel of a state court order on vicarious liability about one defendants liability for the conduct of another to then decide the separate and distinct contract issue of whether the policy terms of the Continental policy provided coverage for Gore for these judgments under the policy second can I ask about well on the first question I mean so the vicarious liabilities is an interesting question because part of it seems to me the collateral estoppel analysis depends on what the district or excuse me what the state court did and the state court said there's no vicarious liability for for the company as to as to these 13 correct claim it's correct correct and I think and I think maybe where what would be helpful is to talk a little bit about the facts that line up with the the issues here from the record so that we're on the same page and a actually have a timeline in the in the briefing I have a more fundamental question because it seems to me that if this is a different issue then the district court got it wrong in some way and we need to you know send it back but did but the state court said there was no vicarious liability and so why doesn't that answer why do you get to collaterally attack isn't that the whole purpose of collateral estoppel is to prevent the claimants from collaterally attacking in federal court the state court decision that there was no vicarious liability but we are not your honor I think that's the critical issue here in this case is that in order for collateral estoppel thank you in order for collateral estoppel to apply the the to the two issues have to be identical in all respects and here well well your honor I think here the determination of vicarious liability turns under Arizona law on control and whether platinum had the right to control the means and methods of how Stephen Gore carried out his duties and responsibilities during the time period that applied to my clients and that control did not exist did not exist during the time period my clients were misused you may be right you may be wrong on that but the state court already said there's no there's no vicarious liability so that the state court already rejected that argument now you're coming in with additional arguments you may be right you may be wrong on those arguments but why should we as a and I say we in the I mean all fit why should the district court any federal court collaterally review that state court judgment because you came in with a new argument your honor respectfully I don't I don't believe that we're asking for collateral review of the state court order in fact we're taking what are you not the state court said there's no vicarious liability you were arguing there is vicarious liability but we're not your honor what we're arguing is that Continental has a duty to cover Gore under the policy as an insured Gore is insured it meets the definition of who is insured under the policy in various different ways what where that where this district court aired is it presumed exactly what your question was which is that the only way that Continental had a duty to to cover Gore was if there was vicarious liability and that's not true your honor in fact under the policy and I think this is this is critical to the to the analysis here in the who is an insured section of the policy which is the in the excerpt of rec to excerpt of rec record 64 it defines that Gore is insured as an employee while performing acts within the course and scope of employment but also quote while performing duties related to the conduct of the business that does not need vicarious liability there is not control necessary for that coverage during the time period in a minute I'll just I'll quickly go through the timeline okay employee would you agree that that's collaterally you're collaterally stopped from asserting that there's coverage because he was an employee I apologize I didn't mean to interrupt you I would agree that if he was acting as an employee employee in the scope of his employment such that the employer had control over him and the means and methods of his actions then there would be collateral estoppel but here the coverage and this is this is the part of both of these cases the coverage that collect that continental agreed to they agreed to make an insured in his own right platinum is not one of the underlying arguments the continent was trying to use here is that the only way that Gore is covered is is if he's if platinum is also liable and that's not true because he's an insured as an employee including while performing duties related to the conduct of the business that means actions that he's making that are not within the scope and scope and course of employment such that vicarious liability would apply the other issue is the vicarious is the volunteer worker before he even becomes an employee understand that and this seems to be where you're on the weakest footing and this is what gives me cause for concern because I don't know how we could rule for you on either of those issues without undermining the heart of what the state court said the state said he was not an employee until May 2013 and our argument as to these and I don't but that's why I do think I'm trying to address your I apologize if I'm not doing so properly we have three time periods this is a case that started out with numerous plaintiffs and I think the timeline is critical to understanding this we have a time period before 2011 at that point in time Gore and platinum were strangers everybody agrees no vicarious liability any of the claimants fall within that category no none of our claimants fall then on the third on the far end we have we have made forward and none of the claims and arguably I don't want to concede it but I will agree with you arguably if your honors position if we agree with your honor's position on this anything after 2013 that would then be collaterally is stopped by the state court action all of my clients bodies were donated and misused in the middle period I understand but if the state court said he was not an employee until May of 2013 then how can you because he can be a volunteer worker he can be doing work and this is this is the important part of the difference in the policy is that he can be as a volunteer worker if he's performing duties if he's assigned duties but he's not paid for them he's not an employee of the company and why is this important and why do I say this on a timeline because the relationship of Gore to platinum in terms of the status is a is a evolving one over time and during the middle time period in the 2012 time period there's evidence of the record that he was assigned the duties as the director of anatomical operations if you remember he he was held out to raise money as their director of anatomical operations for two years before he was an employee no but it covers it covers that's the these plaintiffs that that that are on appeal all of you would all be covered yes all I apologize I was thinking you know I know it's confusing what so what about the owner status or that membership he's all he's also a member and the evidence is that that before he became a employee of the company he was also a member even we are not I did you want to do I apologize so what was required for him to be a member under Nevada law Arizona law Arizona Nevada LLC wasn't it it was it was a Nevada LLC yes so what so are we applying Nevada or Arizona law to determine whether he was a member of the LLC or does it matter well he was he was actually given in the in the procurement agreement 9% ownership interest in the company and I you know I'm not sure if it makes a difference and I apologize if it does but in 2012 before he was a before he was an employee in May of 2013 what's important though and this again goes to I think a really important point your honor is making about not undermining the state courts action is that even if you say he can't be insured as an employee for certain time periods once he becomes a member the definition of what he's covered for is with respect to the conduct of the business there's no need for control there's no as a focusing on this language and the insurance policy a member who you know acts with respect to the conduct of the business and when what aspect would they not be an agent of that business if you're a member acting again with respect and I think it's because of the unique nature of the facts in this case because in that middle time period he's he's a score is assigned the job the and I think the word in the policy is the duties the duties of deciding where the bodies and body parts that platinum now owns once they are obtained where they go in in terms of which customers and for what purposes and so and that's the decision that made the misuse of the body parts in this case because people's bodies who were donated with express restrictions not to be used for purposes other than medical science or whatever the restrictions were were being sent to the Department of Defense to be blown up and I'm not here to talk about the horribles of the case but I think what's important is I'm not what our argument is not a hypothetical it's talking about the actual circumstances as to these 13 these clients before you and when it happened it wasn't when he was an employee and it wasn't before there was any relationship it was when he was actually performing duties and he did so and the trial record is clear he said I made mistakes I didn't track where the bodies were supposed to go I apologize your honor if he answered potentially his question I do want before you run out of time to ask are you dropping your argument about the conflict of interest issue in the application of agnostic and or you still relying on that and if so why didn't you argue it below well and again I the yes we're still making that argument and that did not become an issue until the made the decision not to even address the issue of coverage under the policy and say I had what she says in her order in the words that she uses well it's always a ground for saying collateral estoppel doesn't apply well we we did challenge the collateral estoppel should not apply but it wasn't a fully and fairly litigated and that it wasn't appropriate in this case and it was not until the the trial court remember that I think that's why it's really important to talk about the fact that in deck action one that was filed when we were a stranger to the policy we were not standing in gorgeous shoes we didn't have that and we didn't have judgments at that point in time and so here you have a situation where once the court decides I'm not going to decide the actual language of the policy and I'm going to instead say you're collaterally stopped from bringing this that's the trigger then that bag now now says you can't do that because you're deciding coverage issues as to this insured with that in it from a case was there you could have brought back nausea up in the district court you never did right I'm sorry you could have brought collateral estoppel was an issue that was raised in the district court you were arguing correct and at that point and in deck X and in the first deck action we were arguing as a stranger to the contract we were not we did not have doors assignment I think what's really important I don't have much time but I do want to make this point I think it's important the the assignment was not before the court it didn't happen until the pleadings were closed and long after and in fact continental then sued us in the second deck action which set up that the Gore issues would be handled in that case you're saying that the conflict of interest argument didn't arise until you assigned and standing in Gore's shoes and that didn't happen when you were briefing this collateral staple issue no after no you're not what I'm saying is is that the conflict of the the conflict of issue it didn't become an issue until the court refused to even rule on the on the contract issue of coverage in this case at that point in time now they were stepping on Gore's shoes they are on Gore's toes in terms of they were eliminating essentially we have an issue that has not been fully and fairly litigated which is Gore's rights to pop to coverage under this policy and and if these rulings were allowed to stand you end up with a situation where an insured rights can be determined against them without them actually having a full and fair litigation on the merits of the morning honors Mark Feldman it pleased the court I represent Continental and Valley Forge the district court properly applied collateral estoppel and ruled that Continental had no duty to indemnify appellants judgment against Gore because the issue in the coverage case turned on the exact same issue as that was litigated in the Beecher case and the issue was whether Gore was an agent or employee of platinum and although we've used the term collateral estoppel I remember that the modern version of that is called issue preclusion and what matters is not the legal theory in the case whether someone is trying to hold a party vicariously liable or in the second case whether the ultimate legal theory or the ultimate legal question is insurance coverage but it's the issue and that's my question because they seem to be parsing and saying well okay it's one thing to say there's no vicarious liability but the the Beecher action didn't address whether he was a member and whether he could have had liability under the insurance contract as a member do you agree with that that that state court in the Beecher action did not look at that specific issue respectfully I don't agree with that your honor because if you look at the record of the state court action it's the MSJ order which is at 2 SCR 353 judge Thomasson said the salient question therefore is whether Gore can be characterized as an agent of platinum training he didn't limit it as an agent of platinum training whose acts can be attributed to that entity and then just Thomasson said plaintiffs claim that quote Gore was an employee and owner of when he committed the acts in question so the issue of whether Gore was an owner of platinum or under Nevada law it's called a member of an LLC was squarely in front of judge Thomasson in the Beecher action but I don't so I give you that there is that that that I almost want to call it a straight comment because if you go through the analysis the the analysis of the state didn't walk through it focused on employee I think and that agency as an employee and said he was an employee here but it didn't I don't and point me if if I'm wrong but that the state court didn't look at whether he became a member in 2012 or not I agree with you your honor that it didn't specifically talk about member in the written order but there are two issues here number one if the court said that there is some evidence the Beecher court said there is some evidence that he became an employee after May of 2023 and the court also ruled that platinum could not be vicariously liable for his conduct before that date if the court had concluded that there was evidence that Gore was a member of platinum before that date the Beecher court could not have granted summary judgment and could not have ruled what is your authority for the fact that he that platinum he couldn't that the two are exactly the same that his membership status you're saying if he was a member then therefore platinum would have been vicariously liable but I don't know if that's necessarily true I mean it there would have to be a legal hook to say just your membership status causes platinum to become vicariously liable you even an employee of a company the company may not be vicariously liable for everything that an employee does they have to be you know meet certain standard for there to be vicarious liability so that it's I think you're drawing a false equivalency potentially between membership status and vicarious liability so unless you have some authority for that no I agree with your point your honor but the direction that leads to is this you do in order to be vicariously liable as a member you have to be acting in furtherance of the business that is virtually the same language used in the policy for whether a member qualifies as an insured and as Judge Lee pointed out this is a second level it's virtually impossible for a member an owner who's acting in furtherance of the business to not render the business vicariously liable in Arizona says anytime a member of an LLC is acting in furtherance of the business the business is vicariously liable for everything that that member does I'm sorry so you need something that says whenever a member of an LLC is acting in furtherance of the business the business is vicariously liable for everything that that member did do you have a case or law that says that I don't have a case that says that specifically but very close to it is the actual appellate decision of the Arizona Court of Appeal in this case where it talked in general it didn't parse out employee or member but when the Arizona Court of Appeal talked about the standard of vicarious liability as to gore and it would have addressed everything that was before the trial court in that case the court used the following language it said platinum could only be vicariously liable for gore's conduct if he was acting within the scope of his employment or performing a service in furtherance of Platinum's business which is virtually identical to the language that would render someone an insured if that person were a member so the Arizona Court of Appeal in the Beecher action itself equated that standard for vicarious liability for a member with the very standard that would render someone an insured or not an insured under the continental policy when did Gore become a member of Platinum well he became a member your honor in May of 2020 2013 the same time he became an employee I will say and I can we just heard that it was 2012 well I'll explain that your honor I mean first of all I would argue that this court shouldn't be looking at that issue because the collateral estoppel applies I guess the issue but if the court what the state court but if the court were to look at the actual I can make my point sure I think one of the problems there is the the state courts order is a bit unclear about the member status and that's what we were discussing sure if the court were to look at the record I would direct the court to it's not in the excerpts of record but it's in the record of the district court it's docket 106 dash 12 page 7 which is the contribution agreement that essentially formed the platinum entities it was dated May 24 2013 it defined the odos and other people Martin Dean as owners quote-unquote it listed mr. Gore separately not as an owner it states that the owners as defined are all the owners of platinum medical and then it states that platinum medical is the sole owner of platinum training you follow all of that it means that as of that date mr. Gore was not an owner platinum platinum medical and he was not an owner of platinum training and then the employment agreement which is in the record it's er 28 says he became an employee as of May 2013 and it states per the operating agreement of the same date Gore is a member of platinum training so if the court were to independently look at the record itself it would see that Gore became a member at the same time he became what do we do if there's er 119 it's a letter dated January 30th 2013 under platinum training letterhead it says platinum medical LLC is currently owned by the following named for individuals and the last one is Steve Gordon 9% I'm glad you pointed that out your honor that is not in the district court record in this case if the court looks carefully at the excerpts of record it will see that almost every document has two headers on it from electronic filing you know one header from the district court filing and another header from the court of filing and if you look at that specific document that you pointed out your honor it doesn't have one header on top of the other it was not before judge who Mateo on summary judgment so where did it come from was it in the state was it in the Beecher action yes presumably there are lots of documents in the Beecher action that were not the whole reason why there's an attempt to relitigate cover the issue of Gore's employment in this case correct your honor well and that is something that I'm struggling with I asked that question because it does seem like the member liability is potentially a different issue but it's not clear to me how it's distinct and I your point is it's not distinct but if we say that it's a distinct issue and it wasn't raised does that matter or do you still have the argument that look coverage was at issue in Beecher they said there was no coverage end of story even if there was a smoking gun that later comes out that says I mean presumably if there was a new agreement that we found out that he was an employee in 2011 it wouldn't matter it'd be collaterally stopped right I agree with that your honor and I do believe that even if there was a smoking gun that came out today that said mr. Gore was an employee before May of 2013 or was a member before May of 2013 they would be collaterally stopped from raising that issue because member was not I mean it was mentioned but it wasn't specifically addressed and and they didn't walk the Beecher court the state court did not walk through this analysis well I would reiterate your honor that it was raised I realized it wasn't extensively discussed and that I think the Beecher court it said but do you have a separate argument I guess what I'm looking for is there a separate argument that it doesn't matter because once the district courts I mean if you pursued three arguments before the state trial court and you lose on all of those and then you come to federal court and raise a fourth argument you would still be collaterally stopped right I agree with that as long as the issues are the same and that's what we have to that's what we have to figure out I agree with that your honor can we address the Vagnozzi conflict of interest issue I understand that you're arguing that was essentially forfeited below we can put that aside for the moment on the merits of the issue my understanding is that continental was representing platinum at the time of the Beecher action is that correct and then it was at some point it did also assume responsibility for the defense of core is that correct yes your yes and during the Beecher action it was in Platinum's interest to limit its vicarious liability for core is that correct yes okay and but it was in Gore's interest to essentially establish vicarious liability because then that would ensure coverage and defense by continental it was correct so there was a conflict of interest between platinum and gore with respect to the vicarious liability issue or the scope of it there was a conflict of interest between platinum and gore and so if continental was representing and defending platinum and why wasn't there also conflict of interest between continental and gore well there may have been a conflict of interest between continental and gore but I don't think that is enough to vitiate collateral estoppel so I'm not reiterating the point about waiver which I think is valid but if you look at the cases if you look at Agnazi and in particular if you look at the Manzanita Park case from the Ninth Circuit they emphasize especially Manzanita Park that the reason it doesn't apply collateral estoppel doesn't apply it's because one essential element of collateral estoppel is there has to be a full and fair opportunity to litigate the issue and in both of those cases for different reasons essentially the lawyers stipulated to things one in favor of the insured the other in favor of the insurer because it basically pushed the case out of coverage here although what your honor said is correct in a Beecher action the issue of gore's employee member status was vigorously litigated it was litigated vigorously by appellants themselves and their counsel who had a vested interest in establishing that gore was both an as well as the fact that gore would be covered and finally whatever even if you look at Vagnozzi and you give it its broadest application it applies to a conflict of interest between an insurance company and insured when there's no opportunity to litigate the issue here it's appellants and as they emphasize they're standing in their own shoes Vagnozzi does not preclude collateral estoppel against a third party who to counsel's terms a stranger to the insurance contract it does not preclude collateral estoppel against them standing in Gore's shoes at this point aren't they well I'm not sure what their position is I think they are standing in Gore's shoes but if you look at the briefing in the in the bad faith case I don't have time to address it here we cited authority that says on an estoppel theory if you are a stopped in your own right you cannot circumvent an estoppel by acquiring someone else's rights through an assignment it you estoppel does not work that way once you're stopped you're stopped you can't circumvent it with an assignment of rights which is essentially what appellants are trying to do here you came to represent Gore sometime during the trial in state court right I'm sorry you represented Gore continental represented provided the defense the defense yet before the trial and for the appeal to the Arizona Court of Appeals today with the April 2021 order did Continental also represent Gore in that appeal it did it hired the attorney to appeal well yeah paid for the council well was the issue of whether Gore was an agent you know I think there's a partial summary judgment did the lawyer there argue that on an appeal no Continental had provided an attorney to Gore at the time of the appeal but but but that attorney appealed he appealed the verdict the post trial verdict so that that earlier that was that was separate so that the earlier summary judgment on the issue of agency was not appealed before the Arizona Court of Appeals no it was appealed but they were separate and I apologize if I'm misremembering but they were separate issues in other words the issue of whether Gore was an agent of continent was an agent of platinum was appealed the Arizona Court of Appeal affirmed the trial courts ruling finding that there was no evidence that he was an employer agent and also with an alternative finding that even if there were evidence there was no evidence that he was acting within the course and scope or in the furtherance of Continental's business separately the Court of Appeal addressed the issue the trial issue where there was a late filing of a post trial motion and that was that was reversed I mean doesn't that then potentially implicate the Vagnosi issue here because if a lawyer provided by Continental's appealing the agency issue on behalf of Gore there may have been a conflict of interest with respect to the later declaratory judgment action because you don't want Gore to be found as an agent unless I'm misunderstanding the facts of what happened the lawyers were representing platinum at the time that that issue was was appealed and if I can clarify I did a lawyer paid by Continental represent Gore on the agency issue before there was on a court of appeal I believe a lawyer was hired by Continental but he was not arguing on Gore's behalf because that was contrary to what they were arguing on behalf of platinum and it was only an appeal on that issue on the summary judgment motion brought by platinum training I'm saying would that potentially implicated was there a potential conflict of interest because for your declaratory judgment action you don't want a finding of agency and if you're appealing that issue that implicates Gore you wouldn't want the lawyer there with potential conflict of interest I agree that lawyer would have a potential conflict of interest but that's why that's why Continental hired separate attorneys to represent platinum and then a separate firm to represent Gore and by the time it hired an attorney to represent Gore that issue of vicarious liability had already been resolved but if we read Vagnosi broadly that would potentially implicated because the idea is the lawyer even though you have separate counsel the lawyer would be beholden to Continental as Continental is paying its bills isn't that kind of point of Vagnosi it is your honor but the lawyer would be beholden and would be trying to advance the interests of platinum but mr. Gore that issue had been decided in this it wasn't in a conflict position vis-a-vis mr. Gore because those lawyers were only representing platinum they were trying to advance Platinum's interests there's a separate attorney representing mr. Gore but in Vagnosi didn't the Arizona Supreme Court say it doesn't matter whether the insurance company actually provides the defense or not we're just gonna we're gonna resolve this messy problem that we have and we're just gonna say categorically if there's a conflict of interest in the prior litigation between the insured and the insurance company we're not going to apply collateral estoppel it did say that it doesn't matter whether the insured is being defended or not that that's correct okay I think we've taken you over which is fine all right thank you thank you I will submit and we'll give you two minutes for rebuttal thank you first of all I just want to reemphasize the coverage was not an issue in the underlying Beecher action the insurance policy was not in front of the court they were not determining whether Gore was covered under the policy only whether platinum could be vicariously liable which I agree is a subset of what he can be covered as an insured for but it is not all that he is covered for under the policy can you respond to the argument that necessarily the feature action made a ruling that Gore was not acting in the in furtherance of Platinum's business at any time before 2013 but the issue before the court in the Beecher action was were they acting in furtherance of the business on on matters for which there can be vicarious liability for platinum that's that was the issue that the issue he was determining was not whether Gore was covered otherwise I mean the issue in Beecher and I don't know whether you were were you in I was in I was in the trial yes so the district that the state court in Beecher clearly had the member liability was brought up right correct the the issue the issue the issues that were not raised were or the issue before the Beecher court was did the platinum have sufficient control over Gore for the that caused the harm so that they could be vicariously liable exactly but what our clients what these you're not coming in and saying yeah but there's something else there's more that the contract gives broader coverage what I'm arguing is consistent with the Beecher order consistent with the Beecher order that for anything after May of May of 2013 is when you were an we're not arguing that they're an employee but the state court also said there's no vicarious liability prior to that and and we're arguing that there is coverage without vicarious liability based upon I understand that okay I understand that your argument I'm not sure that I see the daylight there okay but but I think the importance is to look at the actual language of the itself and the coverage and the fact that it's talking about actions that are related to which is broader than why was member brought up because the struggle here is that the district court that the Beecher court the state court did not address the question that seems to be the elephant in the room which is did Gore become a member before he became an employee the state crowd trial court did and so it seems like that was raised wasn't it no but that that issue was not determined it was not the issue the issue was when he when did he become an employee such that vicarious liability would attach why wouldn't you have wanted him to have vicarious liability under member status well the issue is the key is what was the issue is being determined we have Gore who is insured under the policy as a member there's no need to try to get platinum and try to fit a square peg into a round hole at that point he could be a member acting in furtherance of Platinum's business and platinum would not be vicariously liable for his action not unless they controlled the means and under Engler under the Arizona law not unless they controlled the means and methods of how he performed his work and here he made the decision as to which body parts would go to what places and that was crucial and critical to the misuse of the body parts in the case you're agreeing that platinum has no vicarious liability for the actions of Gore prior to May of 2013 yes that's what the Beecher court ruled and you're agreeing with that but you're also saying that he's still covered by he's still covered under the terms of the policy and I think when thank you your honor that's the terms of the policy are unclear what is the rule and terms the policy are unclear you read it in favor of coverage for the insured which here would be Stephen Gore and without any I know I'm over time and I apologize I'm gonna I'm gonna be right back up here thank you that gets us through hopefully the most thorny issues
judges: NELSON, LEE, SUNG